IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON L. SPICER-BANKS,
    Plaintiff,

vs.                                         Case No. 3:09cv425/WS/EMT

D. ELLIS, et al.,
    Defendants.
_____/

## **ORDER**

       This cause is before the court on Plaintiff's "Notice of Inquiry" (Doc. 41). Plaintiff requests leave of court to amend his complaint; therefore the undersigned construes the instant "Notice" as a motion to amend. Leave to amend will be granted.

       Plaintiff is advised that he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must use the complaint form provided to him by the clerk or otherwise follow the form's format. Plaintiff may add pages to the complaint form, if absolutely necessary, or exceed the four-page length of the form, but the total length of the amended complaint may not exceed twenty-five (25) pages. Plaintiff must allow one inch (1") top, bottom, and side margins; the first page of the complaint, however, must have a bottom margin of two inches (2"). Plaintiff must obtain leave of court and show good cause if the proposed amended complaint exceeds the number of pages permitted under N. D. Fla. Loc. R. 5.1(J)(3). It is unlikely the court will grant such leave.

       Additionally, Plaintiff is reminded that he must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly, but concisely describe how each named Defendant is involved in each alleged constitutional violation,

alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N. D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Notice of Inquiry," construed as a motion to amend his complaint (Doc. 41), is **GRANTED**.

2. The clerk is directed to forward to Plaintiff a civil rights complaint form for use in prisoner actions under 42 U.S.C. § 1983. This case number shall be written on the form.

3. Plaintiff shall have **THIRTY (30) DAYS** from the date of docketing of this order in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked **"Second Amended Complaint."** Alternatively, if Plaintiff elects to voluntarily dismiss this action, within the same period he should file a notice pursuant to Fed. R. Civ. P. 41(a)(1).

4. Plaintiff's failure to comply with this order may result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 5th day of February 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**